## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Neil Ray Lystad,                                     Case No. 19-cv-2532 (DSD/TNL)

        Petitioner,

v.                                                   **REPORT AND**
                                                     **RECOMMENDATION**

Kathy Halverson,
*Warden of MCF/Faribault*, and Dept. of
Corrections, MN,

        Respondents.

Neil Ray Lystad, MCF/Faribault, 1101 Linden Lane Faribault, MN 55021 (pro se Petitioner); and

James Austad, Lake of the Woods County Attorney, 206 Eighth Avenue SE, Suite 240, Baudette, MN 56623 (for Respondents).

This matter is before the Court, U.S. Magistrate Judge Tony N. Leung, on a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Pet., ECF No. 1). This action has been referred to the undersigned magistrate judge for a report and recommendation to the Honorable David S. Doty, United States District Judge for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.2(b). Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court recommends that the petition be denied and dismissed with prejudice.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

### A. State Court Proceedings

In July 2016, the State of Minnesota charged Petitioner Neil Ray Lystad with "first-degree assault, unlawful possession of a firearm, threats of violence, and domestic assault." *State v. Lystad*, 2018 WL 2293338, at *1 (Minn. App. May 21, 2018). Petitioner moved to dismiss the unlawful possession charge "on the ground that his civil rights had been restored." *Id*. The state district court denied that motion. *Id*. Petitioner subsequently agreed to plead guilty to an amended second-degree assault charge and to the threats of violence charge. *Id*. He submitted the unlawful possession charge to the state court for a stipulated facts trial. *Id*. The state district court adjudicated him guilty of that charge. *Id*.

Petitioner, through counsel, appealed to the Minnesota Court of Appeals. He argued that his unlawful possession of a firearm conviction violated his civil rights because the state had led him to believe his rights had been restored and that the state district court's sentencing decision was erroneous. *Id*. at *1-*3. Petitioner also filed a pro se supplemental brief, in which he argued that his trial counsel was ineffective. *Id*. at *3. The Minnesota Court of Appeals affirmed Petitioner's convictions but remanded the matter for resentencing. *Id*. at *4.

Petitioner then filed a petition for review with the Minnesota Supreme Court. (ECF No. 17-2). He sought review on two issues: (1) whether "the state violated his due process rights by prosecuting him for possessing a firearm after misleading him to believe he was permitted to possess it" and (2) whether he was "denied his Sixth Amendment right to effective assistance of counsel when his attorney failed to investigate a mental illness

defense and request a Rule 20 evaluation." (*Id.*, p. 3). The Minnesota Supreme Court denied review on August 7, 2018.

### B. Federal Habeas Petition

Petitioner now seeks habeas relief on four grounds. (ECF No. 1). First, he argues that his conviction for unlawful possession of a firearm violated his Second Amendment right to bear arms. Second, he argues that the state violated his 14th Amendment right to due process because "the Bureau of Criminal Apprehension sent Lystad's criminal history report to Lake of The Woods County Law Enforcement Center stating the highest conviction Lystad had was a "***GROSS MISDEMEANOR*' in 2014 and that (ALL CIVIL RIGHTS) had been restored and FULL CITIZENSHIP with FULL RIGHTS to VOTE and hold Office, the same as if said conviction had not taken place."** (ECF No. 1, p. 3) (emphasis in original). Third, Petitioner argues that the state district court violated his due process rights by failing to: (1) order a competency evaluation under Minnesota Rule of Criminal Procedure 20; (2) consider Minnesota Statutes section 609.115 in determining whether he was competent to stand trial; (3) consider whether Petitioner was under the influence of drugs, had a mental disability, or was undergoing medical or psychiatric treatment at the time of his plea; and (4) inquire whether there was any claim of innocence when Petitioner pleaded guilty. Finally, Petitioner argues that he received ineffective assistance of trial counsel.

On October 1, 2019, the Court ordered Respondent to answer the petition within 30 days. (ECF No. 5). On October 23, 2019, Respondents asked the deadline to answer be extended until December 20, 2019 so that counsel could be admitted in federal court. (ECF

No. 6). The Court granted that motion on October 28, 2019. (ECF No. 10). On December 30, 2019, having received no answer from Respondents, the Court ordered them to respond by January 9, 2020. (ECF No. 11). Rather than answer, Respondents filed a second motion for an extension of time, indicating that counsel had not yet been able to gain admission to federal court. (ECF No. 12). The Court ordered Respondents to answer on or before February 5, 2020. (ECF No. 16). Respondents subsequently filed their answer on February 6, 2020. (ECF No. 17).[1] Petitioner filed a reply on June 29, 2020. (ECF No. 24)

## II.    ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 governs a federal court's review of habeas corpus petitions filed by state prisoners. Section 2254 is used by state prisoners alleging they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant habeas corpus relief to a state prisoner on any issue decided on the merits by a state court unless the proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or it "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state prisoner "must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents

---

[1] The delay in this matter is unfortunate. The Court hopes in the future, the Lake of the Woods County Attorney and Minnesota Attorney General can more efficiently respond to these petitions.

those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see* 28 U.S.C. § 2254(b)(1). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted). "To be fairly presented 'a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005) (quoting *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999)). "Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." *Id*. Additionally, "a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin*, 541 U.S. at 32.

Petitioner did not fairly present his first claim – whether his conviction for unlawful possession of a firearm complaint violated his Second Amendment rights – to the state courts. Instead, he argued, both to the Minnesota Court of Appeals and Minnesota Supreme Court, that his conviction violated his due process rights under the 14th amendment. Petitioner never gave the state courts the opportunity to evaluate whether his conviction violated his Second Amendment rights. This claim is therefore unexhausted.

The same is true for Petitioner's third claim for relief, in which he argues that due process rights were violated because the state trial court did not consider his competency

to stand trial or tender a valid guilty plea. To the extent Petitioner presented claims to the Minnesota state courts related to his competency to stand trial or proffer a valid guilty plea, he did so only on the grounds that his trial counsel was ineffective for failing to raise those issues before the state district court. At no point did Petitioner argue that his due process rights under the 14th Amendment were violated when the state district court accepted his guilty plea or declined to order a competency evaluation. This claim is therefore unexhausted as well.

If a habeas petition contains claims that have not been exhausted in the state courts, the reviewing court "must then determine whether the petitioner has complied with state procedural rules governing post-conviction proceedings, i.e., whether a state court would accord the petitioner a hearing on the merits." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (citing *Harris v. Reed*, 489 U.S. 255, 268-70 (1989) (O'Connor, J., concurring)). "A state prisoner procedurally defaults a claim when he violates a state procedural rule that independently and adequately bars direct review of the claim by the United States Supreme Court." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Thus, "a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Id*. (citing *Murray v. Carrier*, 477 U.S. 478, 493-96 (1986)).

For the federal court to enforce a state procedural bar, it must be clear that the state court would hold the claim procedurally barred. *Id*. The relevant question then becomes "whether there is, under the law of [Minnesota], any presently available state procedure for

the determination of the merit of th[ese] claim[s]." *Thomas v. Wyrick*, 622 F.2d 411, 413 (8th Cir. 1980). In this case, Minnesota law provides that once the petitioner has directly appealed his sentence "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976); *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). Likewise, "claims asserted in a second or subsequent postconviction petition are procedurally barred if they could have been raised . . . in the first postconviction petition." *Schleicher v. State*, 718 N.W.2d 440, 449 (Minn. 2006). "Claims are considered 'known' [under the *Knaffla* rule] if they were available after trial and could have been raised on direct appeal." *Vann v. Smith*, No. 13-cv-893, 2015 WL 520565, at *6 (D. Minn. Feb. 9, 2015) (citing *Townsend v. State*, 723 N.W.2d 14, 18 (Minn. 2006)).

Each of Petitioner's unexhausted claims is procedurally barred. Both claims were known to him following trial and could have been raised on direct appeal. Petitioner therefore cannot bring them in a subsequent postconviction petition. *See Knaffla*, 243 N.W.2d at 741; *Schleicher*, 718 N.W.2d at 449. Petitioner's first and third claims for relief are therefore procedurally defaulted.

"Out of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley*, 541 U.S. 386, 388 (2004). "The cause and prejudice requirement shows due regard for States' finality and comity interests while ensuring that 'fundamental fairness remains the central concern of the writ of habeas corpus.'" *Id.* at 393 (quoting *Strickland*

*v. Washington*, 466 U.S. 668, 697 (1984)). "This rule is nearly absolute, barring procedurally-defaulted petitions unless a habeas petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or show actual innocence." *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002) (internal citations and quotation omitted); *Martinez v. Ryan*, 566 U.S. 1, 9-10 (2012); *Coleman*, 501 U.S. at 750-51. If a prisoner fails to demonstrate cause, the court need not address prejudice. *Mathenia v. Delo*, 99 F.3d 1476, 1481 (8th Cir. 1996). In this case, Petitioner does not claim cause or prejudice. Nor does he allege actual innocence. The Court therefore cannot excuse his default as to his first and third claims.

Petitioner did, however, properly exhaust his claim that his conviction for unlawful possession of a firearm violated his due process rights under the 14th Amendment. The Court will consider the merits of that claim.

The federal due process clause prohibits states from prosecuting individuals who act on reliance on the state's representations. *Raley v. Ohio*, 360 U.S. 423, 439 (1959). Thus, the government may not inform a felon that his civil rights have been restored and then prosecute him for an act that would have been legal if all his civil rights had been restored. *United States v. Erwin,* 902 F.2d 510, 512-13 (7th Cir. 1990). In this case, Petitioner argues that his due process rights were violated because he received a Bureau of Criminal Apprehension ("BCA") report that informed him that his civil rights had been restored following a 2008 impaired-driving conviction. The Minnesota Court of Appeals rejected that argument, noting that Petitioner was ineligible to possess a firearm because of a 1999 drug conviction and that the BCA report Petitioner received expressly indicated that

the restoration of rights following Petitioner's impaired-driving conviction had no impact on any rights that Petitioner may have lost as the result of any other charge or conviction. *Lystad*, 2018 WL 2293338, at *2.

Petitioner has failed to establish that he is entitled to relief. To begin, Petitioner has not demonstrated the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court decision is contrary to clearly established federal law only "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). "An 'unreasonable application' of Supreme Court precedent occurs when a state court correctly identifies the governing legal standard but either unreasonably applies it to the facts of the particular case or unreasonably extends or refuses to extend the legal standard to a new context." *Munt v. Grandlienard*, 829 F.3d 610, 614 (8th Cir. 2016) (citing *Williams*, 529 U.S. at 407). "In other words, it is not enough . . . to conclude that, in [the court's] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

Petitioner has not identified any case or governing law set forth by the United States Supreme Court that was contrary to the decision reached in this particular case. Nor has he

explained how the Minnesota Court of Appeals unreasonably applied United States Supreme Court precedent. For this reason alone, Petitioner would not be entitled to relief under prong one of Section 2254(d).

Furthermore, the record before the Court does not establish that Petitioner's due process rights were violated. As relevant here, a conviction may violate a person's due process rights only if the conviction is for conduct undertaken in reliance on express representations made by government officials. *See Cox v. Louisiana,* 379 U.S. 559, 571 (1965) (striking down prosecution for prohibited picketing because city officials had given permission to picket in that area). Here, the state made no express representation that Petitioner's civil rights had been completely restored. Instead, the state informed Petitioner that, to the extent Petitioner's civil rights had been restricted following his 2008 impaired driving condition, those restrictions had been lifted. The state also, however, expressly warned Petitioner that his civil rights might still be restricted as the result of other criminal convictions. Because Petitioner is unable to identify a misrepresentation by the state, he has failed to show that his due process rights were violated.

Petitioner has also failed to show that his proceedings "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In assessing this prong, the AEDPA requires this Court to presume the state court's factual determinations were correct and to place on Petitioner the burden of rebutting that presumption. *Stenhouse v. Hobbs*, 631 F.3d 888, 891 (8th Cir. 2011). In this case, Petitioner has offered no evidence that would contradict the facts as relied on by the Minnesota Court of Appeals. Petitioner does not

dispute the BCA report warned him that the restoration of civil rights resulting from his 2008 impaired driving conviction did not apply to any other previous conviction. Nor does he dispute that he was ineligible to possess a firearm following a 1999 drug conviction. Petitioner is not entitled to relief under prong two of Section 2254(d).

Petitioner has also exhausted his claim that, by failing to seek a competency evaluation, his trial counsel was so ineffective as to violate his Sixth Amendment rights.[2] A petitioner alleging such a claim "must show both that counsel's performance was deficient, and that the deficiency prejudiced the defendant." *Williams v. Roper*, 695 F.3d 825, 830 (8th Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). It is a difficult standard to satisfy in a Section 2254 proceeding, as "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

In this case, the Minnesota Court of Appeals properly applied the law, as it analyzed Lystad's claim under the two-part test set forth in *Strickland*. *See Lystad*, 2018 WL 2293338, at *3. The state court explained that trial counsel's performance did not violate the first prong of *Strickland* because Petitioner admitted during the plea colloquy that he had sufficient time to discuss the matter with his attorney and that though there was a brief reference to Petitioner's "mental state" during the colloquy, nothing in the record established that the trial court or counsel had doubts regarding Petitioner's competency. *Id*. This conclusion was not the result of an unreasonable determination of the facts in light of

---

[2] To the extent Petitioner is claiming trial counsel was ineffective for other reasons, those claims were not presented to the Minnesota Court of Appeals and are unexhausted.

the evidence presented. *See* 28 U.S.C. § 2254(d)(2). Petitioner's trial counsel and the state trial court went through an extensive plea colloquy with Petitioner, in which they discussed his rights, his understanding of the plea agreement, and his ability to think clearly and make decisions for himself. (ECF No. 17-3, pp. 4-20). The Minnesota Court of Appeals noted that at no point during the exchange did Petitioner or his counsel make any statement that would suggest Petitioner was not able to tender a competent guilty plea. Petitioner has also identified nothing in the record suggesting that trial counsel should have sought a competency hearing. The Court therefore recommends the Petition be denied and dismissed with prejudice.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing § 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Federal district courts may not grant a certificate of appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, the petitioner must show "that the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, this Court concludes that it is unlikely that reasonable jurists would find the question of whether to dismiss Petitioner's petition debatable, or that some other court would decide this petition differently. This Court therefore recommends that a certificate of appealability not issue.

In addition, this Court recommends that no evidentiary hearing be held and that Petitioner's request for production of certain transcripts be denied. (ECF No. 24, p. 3). The dispute can be resolved on the basis of the record as is and legal arguments submitted by the parties. *See Wallace v. Lockhart*, 701 F.2d 719, 729-30 (8th Cir. 1983).

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.  The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, (ECF No. 1), be **DENIED** and **DISMISSED WITH PREJUDICE**.

2.  A certificate of appealability not issue.

Date:  July 6, 2020                                   _s/ Tony N. Leung_
                                                      Tony N. Leung
                                                      United States Magistrate Judge
                                                      District of Minnesota

                                                      *Lystad v. Halverson, et al.*
                                                      Case No. 19-cv-2532 (DSD/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).